# 1525-14    1526-14

In The Court Of Criminal
Appeals Of Austin Texas

| | |
|---|---|
| Robert Wayne Westbrook Appellant | Appeal No # 02-14-00401-CR |
| Vs | * |
| State Of Texas Appelle | 02-14-00402-CR |

ORIGINAL

On Petition For Discretionary Review from the Decision of the Court of Appeals for the second district of Texas at Fort Worth Texas. In Cause No # 02-14-00401-CR + No# 02-14-00402-CR, affirming Appellants Conviction and sentence In Cause # 1377192D + No#1375130D Hon Judge Everet Young presiding from the Criminal District Court C.D.C Number 297 Of tarrant County.

**RECEIVED IN**
**COURT OF CRIMINAL APPEALS**

JAN 3 ^ 2015

Abel Acosta, Clerk

**FILED IN**
COURT OF CRIMINAL APPEALS

FEB 06 2015

Abel Acosta, Clerk

Appellants Petition For Discretionary Review

Robert Wayne Westbrook
#0585741
100 N. Lamar
Fort Worth Texas
76102

Appellant-Pro-SE

# Subject Index

Table of Authorities ........................... 1

Statement RE: Oral argument .................... 2

Statement Of the Case ......................... 3

Statement Of Procedural History ............... 4

Ground For Review ............................. 5

Reason For Review ............................. 6

Prayer For Relief ............................. 7

Certificate of Compliance ..................... 8

Certificate Of Service ........................ 9

Appendices .................................... 10

# Table of Authorities

article 571.003 of the texas Health and safety code

ake vs. Oklahoma, 470 U.S. 68 (1985)

Texas Health and safety code Ann. 614.017

Texas Code of criminal Procedure, art 16.22

Texas Health and Safety Code, Section 573.0001 and 46.02-05

Texas code of criminal Procedure art 42.12-11(d)

Texas Halth and Safety Code Ann 574.004(c)

Riggins Vs. Nevada, 504 US. 127 (1992)

United states vs. Westo J, 255 F 3d 873 @ C.D.C CIR 2001

Parish Vs. state 939 S.W 2d 201 1997 Tex. app Lexis 139. (Tex. app. austin 1997)

# Table of authorities Cont.

Hereford vs. state, 334 S.W. 3d. 16; 124 (Tex. Crim. app. 2011)

Frank vs. Smith, 717, F.2d 183, 186 5th Cir. (Miss) 1983

Oregon vs. Hass, 420, 714, 719, 95.8.CT. 1215, 43 C. ed. 2d 570 1975

The Federal disability act

The american disability act

## Statement regarding oral argument

Petitioner believes that oral argument would aid the court in deciding the critical issues presented to the Court.

## Statement of the Case

This is a criminal charge of <u>Burglary of a building</u> Appeal # 02-14-00401-CR & 02-14-00402-CR from cause #1377192D +1375130D from criminal district court number 297, Tarrant County Texas. Appellant pleaded guilty to the charge on September 16, 2014. Appellant was sentenced to (3) years in the institutional Division of the texas department of criminal Justice. After a plea agreement. The court found that appellant was. Competant enough to enter into said agreement because the trial lawyer never introduced any of the mitigating evidence of petitioners mental illness history.

## Statement of Procedural History

The Court of Appeals enetered a Judgement on October 30, 2014 from the second District Court of Appeals From the Hon. Justice Bill Meier

## Ground For Review

Petitioner is and has been on Psychiatric Medications for the last (29) Years and has a lengthy history of mental illness and trial attorney failed to inform the Court of Mentall illness even though Petitioner Constantly informed him that he did not understand the laws or the proceeding and therefore Could not aid him in his defense.

## Reason For Review

The appellate court in its opinion ruled that the trial court commited no harmful error finding that he was mentally qualified to make a plea agreement and sentencing him befor appellant had an

## Reason for Review Cont.

opportunity to present mitigating issues. Appellants Attorney admitted to him that he has some mental problems yet told him prior to going into courtroom, Just agree to whatever the Judge says and I will do the rest of the talking, thats my Job to understand, Not yours. He quoted, Tex. Code Crim. Proc. ann. art 46b.003(a) a defendant is incompetent to stand trial on criminal charges if he or she does not have (1) Sufficient present ability to consult with his or her lawyer with a reasonable degree of rational understanding or (2) a rational, as well as factual, understanding of the proceedings against him or her. Pursuant to the provisions of texas Code of Criminal Procedure art. 46B.004 If an Attorney believes his client is not competent to stand trial. Even though defense counsel usually files a motion requesting the Competenc examination, the Court itself or the prosecutor may raise the issue of incompetency to stand trial. Tex. Code. Crim. Proc. Ann. art 46B.004 (c) if on suggestion that the defendant may be incompetent to stand trial, The The court most determine by informal

# Reason for Review cont.

inquiry wether there is some evidence from any source that would support a finding that the defendent may be incompetent. It is the trial attorneys obligation to provide the court with the necessary information to a determination of the defendents competency, including and supporting document used to establish probable cause in the case, and mental health evaluation and treatment records Tex. Code. Crim. Proc. Ann. Art 46 B. 021 (D) He must by law if he knows the client is unable to adjust in his defense.

## Prayer For Relief

Wherefore, premises considered petitioner prays that the court reverse the Court of appeals and remand this case for further proceedings to the trial Court for a sentencing hearing and any other relief to which petitioner is entitled

Robt W Wylf

Respectfully Submitted
Pro-Se

## Certificate of Compliance

Pursuant to rule 9.4(I) of the Texas rules of appellate procedure 15 is the total number of pages for a hand written Petition to discretionary Review. Mailed on the ___22 day of January, 2015,

# Certificate of Service

I Robert Wayne Westbrook Here by Certify that on the 26th Day of January, 2015, a true copy of the foregoing was served on the following.

Clerk, Court of Criminal appeals
Supreme court building
201 W. 14th street Rm 106
Austin, Texas 78701

(1)copies (1)(origianel)
[District ct clerk]

Court of appeals
Second distrid of texas
401 W Belknap Suite 9000
Fort Worth Tx 76196            (1) copy

Charles M Malin        D.A office
401 w belknap      (appellate section)
Fort Worth Tx 76196            (1) copy

# APPENDICES



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS

CHIEF JUSTICE
  TERRIE LIVINGSTON

JUSTICES
  LEE ANN DAUPHINOT
  ANNE GARDNER
  SUE WALKER
  BOB McCOY
  BILL MEIER
  LEE GABRIEL

TIM CURRY CRIMINAL JUSTICE CENTER
401 W. BELKNAP, SUITE 9000
FORT WORTH, TEXAS 76196

TEL: (817) 884-1900

FAX: (817) 884-1932

www.2ndcoa.courts.state.tx.us

CLERK
  DEBRA SPISAK

CHIEF STAFF ATTORNEY
  LISA M. WEST

GENERAL COUNSEL
  CLARISSA HODGES

September 26, 2014

Lateph Akingbade Adeniji
619 West Main St., Ste. B
Arlington, TX 76010
* DELIVERED VIA E-MAIL *


RE:     Court of Appeals Number:   02-14-00401-CR
                                   02-14-00402-CR

        Trial Court Case Number:   1375130D
                                   1377192D

Style:  Robert Wayne Westbrook
        v.
        The State of Texas

    The court has received a copy of the notice of appeal in the above cases. *See* Tex. R. App. P. 25.2(c).

    The trial court's certification of your right to appeal has been filed under the date of Thursday, September 25, 2014. The certification states that this is a plea-bargain case and appellant has no right of appeal. *See* Tex. R. App. P. 25.2(a)(2), appendix.

    Unless appellant or any party desiring to continue the appeal filed with the court, on or before **Monday, October 6, 2014**, a response showing grounds for continuing the appeal, the appeal may be dismissed. *See* Tex. R. App. P. 25.2(d), 44.3.

Respectfully yours,

DEBRA SPISAK, CLERK

*Debra Spisak*

By:  Karen Brown, Deputy Clerk

cc:    Robert Wayne Westbrook
#0585741
Tarrant County Jail
100 N. Lamar
Fort Worth, TX 76102

Hon. Everett Young
Judge, 297th District Court
401 W. Belknap
Fort Worth, TX 76196

Criminal District Clerk, Tarrant County
Tim Curry Criminal Justice Center
401 W. Belknap, 3rd Floor
Fort Worth, TX 76196

Charles M. Mallin
Asst. Criminal District Attorney
Tim Curry Criminal Justice Center
401 W. Belknap
Fort Worth, TX 76196

Court Reporter, 297th District Court
Tim Curry Criminal Justice Center
401 W. Belknap St.
Fort Worth, TX 76196-0225



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00401-CR
### NO. 02-14-00402-CR

ROBERT WAYNE WESTBROOK          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

## FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NOS. 1375130D, 1377192D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Robert Wayne Westbrook attempts to appeal his convictions for burglary of a building. The trial court's certification in each cause states that this "is a plea-bargain case, and the defendant has NO right of appeal." See Tex. R. App. P. 25.2(a)(2). On September 26, 2014, we notified Westbrook that the appeals would be dismissed pursuant to the trial court's certifications unless he

---

[1]See Tex. R. App. P. 47.4.

or any party desiring to continue the appeals filed a response showing grounds for continuing the appeals. *See* Tex. R. App. P. 25.2(d), 44.3. Westbrook filed a response, but it does not show grounds for continuing the appeals. Therefore, in accordance with the trial court's certifications, we dismiss these appeals. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: MEIER, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 30, 2014

2